UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN P. MATHIASEN,<br><br>            Plaintiff,<br><br>    vs.<br><br>JO ANNE B. BARNHART, Commissioner<br>of Social Security Administration,<br><br>            Defendant. | CASE NO. ED CV 06-00206 RZ<br><br>MEMORANDUM OPINION AND ORDER |

Because none of Plaintiff's five arguments for reversal is persuasive, the Court will affirm the Commissioner's decision denying his claim for disability benefits.

## I.

## CARDIAC RECORDS

First, Plaintiff asserts that the Administrative Law Judge erred in not fully crediting two pages of the record detailing his heart ailments. In effect, Plaintiff asserts that those two pages establish a *further* heart ailment that the Administrative Law Judge did not discuss, although the opinion denying benefits discusses several facets of Plaintiff's cardiac difficulties. By way of background: Plaintiff alleged that he became disabled at the beginning of 2003 due to cardiac problems and other ailments. *See* Administrative Record (AR) 59-62, 65-74. Based in part on testimony by medical expert Lowell Sparks, M.D.,

the Administrative Law Judge found that Plaintiff's "coronary artery disease, . . . hypertension and hyperlipidemia are considered 'severe'[.]" AR 18, 196, 198. The two pages in the record to which Plaintiff now points, both from April 2004, include (1) doctor's notes indicating Plaintiff suffers from atrial fibrillation, AR 150, and (2) an EKG printout suggesting he has "multiple premature complexes." AR 149. The Court cannot conclude that the underlying opinion failed to consider the cited records properly. Any possible error in not discretely mentioning those records was harmless, given the following factors.

First, the Administrative Law Judge already found that Plaintiff suffers from substantial heart ailments meriting commensurate restrictions on his ability to work. AR 15, 17, 18. Plaintiff's prior episodes of heart pain and other symptoms led to an angioplasty and stent placement. AR 14. Plaintiff already had demonstrated an irregular heartbeat in 2002, with his treating cardiologist noting at that time that he had frequent premature ventricular contractions. AR 144. Viewed against this background, it is not clear to the Court that the pages Plaintiff now cites, generated in 2004, show a materially worse condition. Second, the medical expert reviewed the cited records, along with the rest of Plaintiff's records, before testifying, AR 194, and supplied the testimony supporting the Administrative Law Judge's findings of "severe" heart ailments and corresponding work restrictions. AR 195-201. But when Plaintiff's counsel cross-examined Dr. Sparks, counsel did not ask about the possibility that the expert's assessment somehow omitted atrial fibrillation or the other, allegedly *additional* heart ailments shown in AR 149-150. *See* AR 198-201.

In sum, although the Court doubts that error occurred (for it appears that the cited cardiac records, and the ailments they diagnose, indeed were considered by the expert and the Administrative Law Judge in conjunction with the other record evidence), any possible error was harmless.

///

///

## II.

## FAILURE TO DEVELOP THE RECORD

Second, Plaintiff argues that the Administrative Law Judge failed to develop the record further after Plaintiff mentioned in live testimony that he had been prescribed some medications for mental ailments, which Plaintiff characterized as anxiety and depression. AR 218, 220. But it is Plaintiff's principal burden to establish disability, and his application for disability benefits did not rest on mental impairments of any kind. *See* AR 66 (Plaintiff's report of disability). His two passing references to anxiety and depression at the close of a record hundreds of pages long – particularly in this case, in which Plaintiff did not even partially base his disability claim upon mental ailments, *see* AR 66 – do not render "ambiguous" the state of the record as to a potential mental ailment. Thus, the remarks created no duty on the part of the Administrative Law Judge to seek out further mental-ailment records that may not even exist and that, even if they do, Plaintiff even now has not provided. *See Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (duty to develop record further triggered only when existing record is ambiguous or insufficient to reach conclusion).

## III.

## PLAINTIFF'S CREDIBILITY

Third, Plaintiff argues that the Administrative Law Judge improperly assessed his credibility when writing, "there are no credible complaints of disabling [back] pain. Certainly, there is no objective medical evidence to support a finding that the claimant is prevented from engaging in the light work activities described herein." AR 16; *see* Pl.'s Mem. at 6. Generally, once a claimant has supplied objective medical evidence of a malady that "could reasonably be expected to produce" some degree of pain or other subjectively-reported symptoms, the Administrative Law Judge may discount the claimant's testimony about the degree of pain, and how that pain affects the claimant's ability to work, only if the judge supplies specific, cogent reasons supported by substantial

Case 5:06-cv-00206-RZ   Document 16   Filed 03/09/07   Page 4 of 7   Page ID #:54

evidence in the record, *see Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (*en banc*); *Smolen, supra*, 80 F.3d 1273, sufficient to permit this Court to conclude that the Administrative Judge's disbelief was not arbitrary. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1994).

The Administrative Law Judge complied with the *Bunnell* standard by stating multiple reasons, supported by substantial evidence, for finding Plaintiff's account of his subjective symptoms not fully credible, for the opinion continues as follows immediately after the words quoted by Plaintiff:

> The claimant's back pain has been treated with conservative methods of nothing more than pain medication. The claimant has never been prescribed physical therapy, [back] surgery or injections. The objective evidence does not support a finding of spinal stenosis or neurological deficits. The claimant's assertions of increased pain when he is stooping or bending or [conducting] heavy lifting have been considered within the [work-related] limitations adopted herein. The claimant has a very limited treatment history[,] and the mild objective findings are not consistent with the exaggerated complaints of the claimant as noted by the State Agency review physician. There is no objective medical evidence to support a finding of disabling pain or dysfunction.

AR 16-17. The Administrative Law Judge also noted, in the immediately preceding paragraph of his opinion, that "the claimant has admitted to daily activities that are not consistent with a disabling physical condition":

> The claimant drives a car and does some maintenance on his car. He is able to do light household chores like laundry, dishes, vacuuming and dusting. He admitted that he grocery shopped twice a month, walked up the street, could carry 15 pounds on occasion and was able to do yard maintenance.

AR 16. These observations enjoy substantial evidentiary support, and Plaintiff does not contend otherwise. The credibility finding thus supplies no basis for reversal.

## IV.
## FAILURE TO DISCUSS LAY TESTIMONY

Fourth, Plaintiff faults the opinion for "failing to discuss relevant lay testimony," namely the report of Disability Field Office interviewer J. Salazar. Defendant asserts that any error was harmless. As a preliminary matter, the Administrative Law Judge is not required to mention every item in a claimant's record; a failure to address some items is not tantamount to a failure to consider them or a rejection of them. *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). Such testimony can supply useful information about how a claimant's alleged impairments affect his ability to engage in gainful employment, *see* 20 C.F.R. § 404.1513(d)(4), however, and the Administrative Law Judge thus may reject it only for specific reasons germane to the particular witness. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

On July 26, 2004, Salazar interviewed Plaintiff and filled in a form (SSA-3367), stating, under the heading "Observations," that –

> Clmt had much difficulty walking and standing, walking was labored and painful and exhibited an obvious limp. Clmt used desk for assistance when standing. Clmt was not able to sit

>> straight and needed to be at an angle, clmt shifted constantly and
>> had to stand a few times during interview.

AR 111. Defendant does not challenge Plaintiff's assertion that this statement satisfies the doctrinal test for lay "*testimony*" even though it was not made under penalty of perjury, and the Court agrees. In *Schneider v. Commissioner*, 223 F.3d 968, 974-75 (9th Cir. 2000), the Ninth Circuit held that it was error for the Administrative Law Judge not to have considered five letters submitted by claimant's friends and former employers, although nothing in the *Schneider* opinion suggests that those letters were signed under penalty of perjury.

A complicating factor in the Court's analysis is a new Ninth Circuit decision – not mentioned by the parties, although it was decided before the close of briefing – restricting the harmless-error doctrine where, as here, an Administrative Law Judge fails to discuss "lay testimony" favorable to a claimant. *Stout v. Commissioner*, 454 F.3d 1050 (9th Cir. 2006). Specifically, "a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the [undiscussed] testimony, could have reached a different disability determination." *Id.* at 1056.

Although the question is close, the Court declines to remand due to any possible error in failing to discuss the above observations. The cited observations by the intake clerk derive from a single, brief visit with Plaintiff, unlike the lay observations involved in the authorities cited by Plaintiff, in which the witnesses – including claimants' friends, relatives and employers – had interacted with the claimant on numerous occasions over a longer period of time. A clerk at the Social Security office does not fall within the examples of "non-medical" witnesses provided by the pertinent regulation, including "spouses, parents and other caregivers, siblings, other relatives, friends, neighbors and clergy." 20 C.F.R. § 404.1513(d)(4). Although those examples are non-exclusive, it is telling that every one of them is the sort of person who typically sees a claimant regularly over an extended period of time. Such qualities are not shared by a person in J. Salazar's

position at the Social Security Administration. In light of (1) the other evidence cited in support of the underlying decision; (2) the exceedingly limited basis for, and scope of, Salazar's comment; and (3) the fact that the underlying decision already includes substantial restrictions on Plaintiff's available work, based on his complaints of pain, the Court "can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout, supra*, 454 F.3d at 1056. Accordingly, any possible error was harmless.

## V.
## SIDE EFFECTS

Plaintiff's fifth and final argument challenging the denial of benefits is that the Administrative Law Judge erred in failing to discuss the side effects of Plaintiff's medications. The Court agrees with Defendant, however, that Plaintiff fails to cite any record evidence showing that such side effects indeed are disabling (and therefore that any possible error in failing to discuss them was prejudicial).

\* \* \*

For the foregoing reasons, the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

DATED: March 9, 2007

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE